THOMAS P. O'BRIEN
United States Attorney
ROBB C. ADKINS
Assistant United States Attorney
Chief, Southern Division
MANI DABIRI
California Bar Number: 241696
Assistant United States Attorney
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3540
     Facsimile: (714) 338-3708
     Email:    Mani.Dabiri@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 08-397-FMC |
|---|---|
| Plaintiff, | ) <u>GOVERNMENT'S TRIAL MEMORANDUM</u> |
| v. | ) Trial Date:   April 21, 2009 |
| GARY WEISBERG, | ) Trial Time:   9:00 a.m. |
| Defendant. | ) |

The United States of America, by and through its counsel of record, Assistant United States Attorney Mani Dabiri, hereby submits its trial memorandum in the above-captioned matter.

**TABLE OF CONTENTS**

I.   CASE SCHEDULING MATTERS. . . . . . . . . . . . . . . . 1
II.  THE INDICTMENT.. . . . . . . . . . . . . . . . . . . . 1
III. STATEMENT OF FACTS.. . . . . . . . . . . . . . . . . . 2
IV.  LEGAL AND EVIDENTIARY ISSUES.. . . . . . . . . . . . . 3
     A.  Proof to be Presented at Trial. . . . . . . . . . 3
     B.  Relevant California Law.. . . . . . . . . . . . . 4
     C.  Ninth Circuit Law with Respect to § 2422(b).. . . 5
     D.  Other-Acts Evidence.. . . . . . . . . . . . . . . 6
     E.  Hearsay Issues. . . . . . . . . . . . . . . . . . 6
         1.  Defendant's admissions . . . . . . . . . . . 6
         2.  Computer-generated logs are not hearsay. . . 7
     F.  The Government's Other Motions in Limine. . . . . 8
     G.  Duplicates. . . . . . . . . . . . . . . . . . . . 8
     H.  Reciprocal Discovery. . . . . . . . . . . . . . . 9
     I.  Cross-Examination of Defendant. . . . . . . . . . 9
V.   CONCLUSION.. . . . . . . . . . . . . . . . . . . . . .10

**I.**

**CASE SCHEDULING MATTERS**

This case is set for court trial on April 21, 2009 at 9:00 a.m. Defendant has waived jury trial. The estimated time for the government's case-in-chief is two days, and the government anticipates calling up to six witnesses in its case-in-chief, including the case agent, an expert witness, and a witness from the internet service provider America Online. The government filed five motions in limine, including a motion to admit certain Rule 404(b) evidence that remains pending before the Court. The defense filed a motion to suppress, which was denied. Defendant is released on bond pending trial.

The government intends to use an Elmo during the trial to display evidence to the Court, including printouts of defendant's internet chats with the putative child victim.

**II.**

**THE INDICTMENT**

Defendant is charged in a single-count indictment with violating 18 U.S.C. § 2422(b), Using the Internet to Attempt to Persuade, Induce, or Entice a Minor to Engage in Criminal Sexual Activity. To establish a violation of § 2422(b), the government must establish the following elements at trial:

(1) Defendant knowingly intended to persuade, induce, or entice a person who defendant believed to be under the age of 18 to engage in a sexual act;

(2) If the sexual act had occurred, it would have constituted a criminal offense under California law;

(3) Defendant did something that was a substantial step toward persuading, inducing, or enticing the putative minor to engage in the sexual act; and

      (4) Defendant used a facility or means of interstate commerce, specifically, the internet.

In brief, the allegations are that, over a six-month period, defendant communicated over the internet with someone he thought was a 13-year-old girl; that he intended to persuade, induce, or entice that person to engage in certain sex acts; and that he took a substantial step toward completing the crime through his online communications and by showing up to meet the girl outside her apartment.

## III.

## STATEMENT OF FACTS

On September 4, 2007, 56-year-old Gary Weisberg used the internet to contact someone he thought was a 13-year-old girl named Megan. In the initial online chat, defendant immediately steered the conversation toward sex and suggested they meet in person, even as he acknowledged that a relationship with a 13-year-old girl would be illegal. Over the next six months, he regularly spoke to Megan over the internet about sex and the possibility of meeting in person for sex. He worked to gain her trust and affection, and when he achieved that, he worked to stimulate her interest in sex and convince her that she was ready for it. Ultimately, these efforts culminated in a plan to meet at Megan's home on the morning of March 28, 2008, after her mother had left for work.

Unbeknownst to defendant, however, Megan was in fact Special Agent Marc Botello of the Federal Bureau of Investigation. On March 28, defendant was arrested after he had driven to Megan's

apartment, parked his car, and stood outside her apartment at a pre-arranged meeting location, waiting to meet her and take her inside. After his arrest, defendant waived his constitutional rights and agreed to be questioned. Among other things, he admitted he had chatted with "probably more than ten" underage girls over the internet, and of those, he admitted to talking to "probably more than a few of them" about kissing and having sex.

Subsequently, the government was able to recover the transcripts of three such chats from three separate occasions in 2006 and 2007 where defendant had initiated chats with other undercover agents posing as underage girls.[1]

## IV.

## LEGAL AND EVIDENTIARY ISSUES

A.  Proof to be Presented at Trial

The government intends to present the following evidence at trial, among other evidence:

1. Testimony of the undercover FBI agent who posed as the 13-year-old girl with whom defendant chatted online;
2. The transcripts of the online chats;
3. The record of email correspondence;
4. The photos that defendant sent to "Megan" of himself;
5. The photos that "Megan" sent to defendant of herself;
6. Testimony as well as audio or video recordings of defendant's admissions after his arrest; and
7. Testimony and evidence regarding the identification of defendant through the use of his IP address.

---

[1] The transcripts of these chats were attached as exhibits to the Government's Motion in Limine No. 2.

3

1    The government also intends to offer the testimony of Supervisory Special Agent James Clemente of the FBI's Behavioral Analysis Unit.  Based on extensive training and experience, Mr. Clemente will testify about the practice of "grooming" child victims for sex crimes; that is, the practice of contacting and gaining the trust of a child victim in order to gain access to the child for the purpose of engaging in, or attempting to engage in, sexual or other inappropriate acts.  His testimony will include, among other things, the methods used by perpetrators to engage in grooming, including use of the internet.

The government has provided to the defense a written summary of Mr. Clemente's qualifications and his expected testimony pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).

### B.    Relevant California Law

Several California statutes criminalize sexual activities with person under the age of 18.  They include the following:

- Penal Code Section 288, which criminalizes any touching between an adult and a minor who is under the age of 14 with the specific intent of arousing, appealing to, or gratifying the sexual desires of either party;
- Penal Code Section 261.5, which punishes any act of sexual intercourse with a minor who is not married to the perpetrator at the time of intercourse; and
- Penal Code Section 288a, which punishes any act of oral copulation with a minor.

In addition, under Penal Code Section 31, anyone who counsels, advises, or encourages a minor under the age of 14 to commit any crime is deemed a principal in any crime committed.

///
///

C. <u>Ninth Circuit Law with Respect to 18 U.S.C. § 2422(b)</u>

It is no defense in a § 2422(b) prosecution that the person whom the defendant intended to persuade, induce, or entice was not actually a minor, or even a real person. <u>United States v. Cherer</u>, 513 F.3d 1150, 1154 (9th Cir. 2008); <u>United States v. Meek</u>, 366 F.3d 705, 717-18 (9th Cir. 2004) ("We join our sister circuits in concluding that an actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b)."). Instead, when the defendant has targeted an adult decoy rather than an actual minor, the law requires only that the defendant have believed the intended victim was a minor. <u>Cherer</u>, 513 F.3d at 1154; <u>Meek</u>, 366 F.3d at 718-19.

Furthermore, it is no defense that the defendant believed that the person whom he intended to persuade, induce, or entice would have consented to or voluntarily participated in any sexual activity. <u>United States v. Dhingra</u>, 371 F.3d 557, 567-68 (9th Cir. 2004) (holding that "[t]he victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense[s] of statutory rape or child molestation").

Finally, an important distinction lies between an attempt to <u>persuade</u>, <u>induce</u>, or <u>entice</u> a minor to engage in unlawful sexual activity, which is what § 2422(b) criminalizes, and attempting to engage in the sexual activity itself. <u>United States v. Goetzke</u>, 494 F.3d 1231, 1234-37 (9th Cir. 2007). The latter is an attempt to complete the physical act of sex, for which physical proximity is necessary, while the former is an attempt to obtain the minor's assent to engage in sex, for which physical proximity can

5

be probative but is not required. Id.  Thus a defendant does not need to travel to meet a potential victim to be guilty of violating § 2422(b). Id.  Rather, the crime can be completed when the defendant initiates contact with a minor, describes the sexual acts that he would like to perform on the minor, and proposes a rendezvous to perform those acts. Id.

D.   Other-Acts Evidence

On January 5, 2009, the government filed a motion in limine that sought a ruling of admissibility with respect to transcripts from three prior instances in which defendant had initiated chats with undercover agents posing as underage girls. That motion remains pending before the Court. At the February 17, 2009 status conference, the Court ruled in part that the motion was premature and that, while defendant's admissions regarding his prior communications with underage girls were admissible, the transcripts from the above-referenced chats were not admissible in the government's case-in-chief without the Court's prior approval. The government intends to renew its motion and seek the admission of such evidence should the defense open the door at any point during opening statements or trial. At that point, the government submits the Court should grant its motion for the reasons set forth in its moving papers and reply brief.

E.   Hearsay Issues

1.   Defendant's admissions

Defendant's statements -- in his chats with Megan, his emails to her, and his post-arrest interview -- are admissible as statements of a party opponent under Federal Rule of Evidence 801(d)(2). Defendant, however, may not introduce his own prior

6

statements because, when such statements are introduced by defendant himself, they constitute inadmissible hearsay. See Fed. R. Evid. 801(d)(2)(A); United States v. Mitchell, 502 F.3d 931, 964-65 (9th Cir. 2007) (applying United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000)).

On that ground, the government filed a motion in limine to preclude defendant from offering his own hearsay through other witnesses or evidence, and the Court granted the motion subject only to the rule of completeness. Therefore, defendant may not elicit his own hearsay unless and until the Court rules that the hearsay statements are necessary to avoid a distortion of his statement as a whole.

2. Computer-generated logs are not hearsay

Using a computer program, Special Agent Botello created electronic log files on his computer that provide a literal transcript of his internet conversations with defendant. Both these chats and the email record are admissible because they are not hearsay. Defendant's statements are not hearsay because they are the admissions of a party-opponent under Federal Rule of Evidence 801(d)(2)(A) and because, in most cases, they are not offered for the truth of the matter they assert but for some non-hearsay purpose, such as to show defendant's state of mind. Special Agent Botello's statements are not hearsay because they are not offered for the truth of the matter they assert but for their effect on defendant and to place defendant's statements in context.

///

///

Moreover, computer-generated logs are not hearsay because they are simply records of the activity of the computers that produce them. Federal Rule of Evidence 801 defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The rule defines "declarant" as "a person who makes a statement," and it defines "statement" as "an oral or written assertion." As the computer-generated logs are not human assertions, they cannot be hearsay.[2]

F.   The Government's Other Motions in Limine

The United States also filed motions in limine to preclude an entrapment defense and to preclude any argument, comment, or reference to potential punishment. The defense did not oppose the first motion, and the Court granted the second one. Thus the defense may not argue, through any form of comment or reference, that defendant was entrapped, nor may it argue or suggest that the Court consider the consequences of its verdict in deciding factual guilt or innocence.

G.   Duplicates

A duplicate is admissible to the same extent as the original unless (1) a genuine question is raised as to the authenticity of the original, or (2) in the circumstances, it would be unfair to admit the duplicate instead of the original. Fed. R. Evid. 1003; United States v. Smith, 893 F.2d 1573, 1579 (9th Cir. 1990).

///

---

[2] Any alleged inaccuracies in the computer printouts go to the weight of the evidence, not its admissibility. United States v. Catabran, 836 F.2d 453, 457 (9th Cir. 1988); United States v. Miller, 771 F.2d 1219, 1237 (9th Cir. 1985).

8

H.   Reciprocal Discovery

   The United States has made written requests for reciprocal discovery on April 25, 2008 and September 5, 2008.  To the extent that the defense attempts to introduce or use any documents or tangible evidence at trial that it has not produced in discovery, the government reserves the right to object and to seek to have such documents precluded.

I.   Cross-Examination of Defendant

   A defendant who testifies at trial waives his right against self-incrimination and subjects himself to cross-examination concerning all matters reasonably related to the subject matter of his testimony.  The scope of defendant's waiver is coextensive with the scope of relevant cross-examination. United States v. Cuozzo, 962 F.2d 945, 948 (9th Cir. 1992); United States v. Black, 767 F.2d 1334, 1341 (9th Cir. 1985) ("What the defendant actually discusses on direct does not determine the extent of permissible cross-examination or his waiver.  Rather, the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony.").

   Finally, Rule 404(b) does not proscribe the use of other-acts evidence as an impeachment tool during cross-examination. United States v. Gay, 967 F.2d 322, 328 (9th Cir. 1992).

///

///

## V.

## **CONCLUSION**

The United States respectfully requests leave to file supplemental trial memoranda before or during trial, if and as the need arises.

DATED: April 17, 2009			Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

ROBB C. ADKINS
Assistant United States Attorney
Chief, Southern Division


            /s/
MANI DABIRI
Assistant United States Attorney

Attorneys for Plaintiff
United States of America